### In re L. WENAR MILLINERY CO.

### COMMONWEALTH NAT. BANK OF DALLAS, TEX., v. FARRACY et al.

(Circuit Court of Appeals, Fifth Circuit. January 29, 1925.)

#### No. 4266.

Bankruptcy ⬤⟹328—Claim filed 13 years after adjudication held not allowable.

Where a bank voluntarily withheld from its claim against an estate a note made by others, and elected to sue the makers under Bankruptcy Act, § 57n (Comp. St. § 9641), it could not, after being defeated in the suit, and after a delay of 13 years, prove a claim against the estate, on the ground that it was the owner of the note, which was the basis of a contingent claim filed by the makers, that because of failure of the contingency did not become allowable.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

In the Matter of the L. Wenar Millinery Company, bankrupt; Harry D. Farracy, trustee. The Commonwealth National Bank of Dallas, Tex., appeals from an order of the District Court. Affirmed.

For opinion below, see 1 F.(2d) 385.

J. N. Townsend and T. L. Camp, both of Dallas, Tex., for appellant.

Thomas T. Holloway and O. D. Brundidge, both of Dallas, Tex. (Holloway & Holloway and Burgess, Burgess, Sadler, Chrestman & Brundige, all of Dallas, Tex., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This is an appeal from an order rejecting a claim against the bankrupt estate of the L. Wenar Millinery Company. In August, 1909, I. B. Walker and A. Goldstein, stockholders and directors of the millinery company, executed their note for $5,000 to the Union National Bank. Walker was also vice president of that bank, and in his capacity as such accepted the note and credited the proceeds to the millinery company, upon the agreement that its deposits thereafter made should be applied to the note until it was paid off. The reasons for making this arrangement were that the millinery company was at that time indebted to the bank in the amount of approximately $20,000, which was equal to one-tenth of the bank's capital stock, and was in need of additional credit, which the bank could not extend without violating section 5200 of the Revised Statutes (Comp. St. § 9761). Deposits sufficient to pay off the note were made, but were not applied as agreed; on the contrary, the millinery company continued to check against its account, which was continuously overdrawn until April 28, 1910, when it was adjudicated a bankrupt.

On November 7, 1910, Walker and Goldstein made proof of their claim on the note against the bankrupt, and Walker then assigned his interest in the claim to Goldstein. On March 24, 1911, the trustee moved to expunge this claim, on the ground that it was the claim of the Union National Bank, whereupon Goldstein, on April 8, 1911, filed an amendment, alleging that suit had been filed in a state court of Texas by the Union National Bank against him and Walker upon the note, and that the bankrupt's liability to him was contingent upon his liability to the bank, and praying that the claim be allowed in the name of and for the benefit of the bank, or, in the alternative, that action be postponed on the trustee's motion until after the termination of the bank's suit against him. No formal action on the trustee's motion appears to have been taken by the referee, but in 1912 a sufficient amount to pay the proper dividend on the claim was withheld, and the balance distributed to the other creditors.

On January 18, 1911, the Union National Bank filed its proof of claim, amounting to nearly $18,000, which, on December 20, 1911, it compromised for $1,100; but it did not include therein any claim for the $5,000 represented by the note of Walker and Goldstein. In 1910, the Commonwealth National Bank, appellant, acquired the assets of the Union National Bank, and brought suit in the state court against Walker and Goldstein upon their note, insisting that its predecessor had been defrauded, and that Walker's knowledge of the terms upon which the note was accepted, by reason of his adverse interest, was not imputable to it. Goldstein defended, on the ground that the note was paid off by deposits made by the bankrupt. The bank was finally defeated in that suit, but not until April, 1924. Goldstein v. Bank (Tex. Sup.) 213 S. W. 584; (Tex. Civ. App.) 216 S. W. 409; (Tex. Civ. App.) 261 S. W. 538.

On February 8, 1923, the appellant filed a petition before the referee in bankruptcy, alleging that $2,000 had been set aside as dividends to be paid on the claim of Walker and Goldstein, and that the latter had agreed that such dividends might be paid to it and applied on their note, and praying for an order to that effect. On May 3, 1923, the appellant for the first time filed its proof of claim, and alleged that it was the owner of the note which formed the basis of Walker and Goldstein's claim filed in 1910, and amended in 1911 by Goldstein.

The Bankruptcy Act provides that "claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication," etc. Section 57n (Comp. St. § 9641). The appellant contends that its proof of claim, though not made until 13 years after the adjudication, was an amendment of Goldstein's proof of claim, and cites cases to sustain the proposition that a proof of claim made within the statutory period may be amended more than a year after adjudication. However, in all of these cases the original proof was made by the creditor or his agent, or by some one who purported to act in his behalf, and in none of them was the period of delay in making the amendment as great as it was in this case. Goldstein's proof of claim was made for his own protection. He did not represent himself to be the bank's agent. The appellant did not adopt the original proof of claim, but with full knowledge of

all the facts purposely refrained from including the Walker and Goldstein note in the claim which it filed within the statutory period and later compromised, for the obvious reason that it elected to forego any dividends it might receive thereon out of the bankrupt estate, and to pursue its remedy against Goldstein as maker of the note, and collect from him the full amount of the debt. It even refused to file its own proof of claim, contingent upon its failure to collect the full amount of its debt in the suit in the state court.

We are of opinion that the appellant delayed too long to file its claim, and also that in no sense can it be said that the proofs filed by it were amendments of Goldstein's claim. The petition filed in February of 1923 was a mere application based upon an agreement for the payment of the sum of money held for Goldstein's benefit, to be applied on the note which the 'appellant held against him. The claim which appellant thereafter filed is not by its terms or in fact an amendment of the claim filed within the statutory period.

The order appealed from is affirmed.